ALD-183                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1270
_____

UNITED STATES OF AMERICA

v.

MARCAL FRACTION, a/k/a MONK,
                                                                      Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 3:14-cr-00305-003)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

May 20, 2021
Before: MCKEE, GREENAWAY, Jr., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 5, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Marcal Fraction, a prisoner confined at FCI-Allenwood, appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In February 2017, Fraction pleaded guilty to conspiring to distribute cocaine. See 21 U.S.C. § 846. As a career offender previously convicted of several prior drug trafficking offenses, Fraction faced an advisory sentencing guideline range of 151 to 188 months of imprisonment. The District Court varied downward, sentencing him to 120 months of imprisonment.

In December 2020, Fraction filed a pro se motion for compassionate release (ECF 672), which he later supplemented with two addendums (ECF 675 and 679) and a letter from his wife (ECF 678). He argued that the District Court should order his immediate release because of the threat posed by COVID-19. He claimed that numerous inmates at FCI-Allenwood had tested positive for the virus, that those inmates were "not getting the proper medical attention needed," and that, following a 20-day quarantine in the special housing unit, he was going to be returned to the unit that housed the inmates who had contracted the virus. Furthermore, Fraction alleged that he is at risk of serious illness if he contracted COVID-19 because he is obese. Fraction also claimed that he is not a danger to the community because he "changed in the way that I view life."

The District Court denied the compassionate release motion, holding, among other things, the relevant factors under 18 U.S.C. § 3553(a) weighed against any reduction in his sentence. (ECF 681.) Fraction appealed. (687.) In this Court, Fraction has a motion for appointment of counsel (Doc. 7) and his opening brief (Doc. 10). The Government has moved for summary affirmance (Doc. 8).

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of an eligible defendant's motion for a sentence modification under § 3582(c). See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (alteration, quotation marks, and citation omitted). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The compassionate release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in § 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

The District Court did not abuse its discretion in denying Fraction's compassionate release motion because the applicable § 3553(a) factors do not support relief. Fraction's offense was serious. He distributed between 100 and 200 grams of cocaine over a period of almost two years. In addition, he qualified as a career offender based on his extensive criminal history. Moreover, Fraction's sentence already included a significant downward variance from the guidelines range. See United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence"). Finally, as the District Court noted, because Fraction had served approximately only 40% of his sentence, the "need to serve additional prison time to deter him from continuing a life of crime based upon his history of disrespect for the law" weighed against relief. (ECF 681, at 4); Pawlowski, 967 F.3d at 331 (stating that "the time remaining in [the] sentence may— along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates—inform whether immediate release would be consistent with" the § 3553(a) factors). These circumstances fail to lead us to "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant

factors." Id. at 330 (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

For the foregoing reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.[1]

---

[1] Fraction's motion for appointment of counsel is denied.